**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

FREDERICK BANKS,                                                                 PLAINTIFF
REG. #05711-068

V.                                         2:12-cv-00150-SWW-JTK

FEDERAL BUREAU OF PRISONS, et al.                                      DEFENDANTS

<u>**ORDER**</u>

This matter is before the Court on the Defendants's Summary Judgment Motion, together with

Brief in Support and Statement of Undisputed Facts (Doc. Nos. 15-17).  Plaintiff has not responded

to the Motions.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead,

must meet proof with proof.  <u>See</u> FED. R. CIV. P. 56(e).  This means that Plaintiff's Response must

include his legal arguments, as well as affidavits,[1] prison records, or other evidence establishing that

there is a genuine issue of material fact that must be resolved at a hearing or trial.

Furthermore, pursuant to Local Rule 56.1, Plaintiff must *also separately* file a Statement of

Disputed Facts, which lists:  (a) any disagreement he has with the specifically numbered factual

assertions contained in Defendants' Statements of Undisputed Facts (Doc. Nos. 23, 26); and (b) any

other disputed facts that he believes must be resolved at a hearing or trial.[2]

---

[1]

The affidavit must be based upon the personal knowledge of the person executing the affidavit *and
must be either*: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of
perjury, as provided for by 28 U.S.C. § 1746.

[2]

 If Plaintiff disputes any of the facts set forth in Defendant's Statement of Undisputed Facts, he *must
identify* each numbered paragraph that contains the facts he disputes *and,* for each paragraph, explain
*why* he disputes those facts.

Finally, Plaintiff is advised that if he intends to rely upon grievances or records that have been previously filed with the Court, he must specifically refer to those documents by docket number, page, date, and heading.  The Court will not sift through the file to find support for Plaintiff's factual contentions.  See Crossley v. Georgia-Pacific, Corp., 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

1.      Plaintiff must file, **within fifteen days of the entry of the Order**, a Response to Defendants' Motion for Summary Judgment and separate Statements of Disputed Facts that comply with the FED. R. CIV. P. 56, Local Rule 56.1, and the instructions set forth in this Order.

2.       Plaintiff is advised that the failure to timely and properly comply with this Order will result in: (a) all of the facts set forth in Defendant's summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c); or (b) the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2).

IT IS SO ORDERED this 30th day of November, 2012.

_____
    JEROME T. KEARNEY
    UNITED STATES MAGISTRATE JUDGE