# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

FREDERICK BANKS,                                                                                    PLAINTIFF
REG. #05711-068

2:12CV00150-SWW-JTK

FEDERAL BUREAU OF PRISONS, et al.                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

**I.     Introduction**

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. No. 15). Plaintiff filed a Response in opposition to the Motion (Doc. No. 21).

Plaintiff is a federal inmate who filed this federal civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), while incarcerated at the Federal Correctional Institution (FCI), Forrest City, Arkansas. He alleges deliberate indifference to his serious mental health needs by Defendants Dr. Anne Cuccio and Mary Ellen Rivers-Graham, and asks for monetary and injunctive relief.[1]

**II.    Facts**

In his Amended Complaint (Doc. No. 8), Plaintiff claims that Defendant Cuccio prescribed

---

[1] Plaintiff general allegations of unconstitutional conditions of confinement, together with Defendants John Does, Federal Bureau of Prisons, Outlaw, Hoye, and United States of America, were dismissed on November 30, 2012 (Doc. No. 20).

2

him psycho tropic medication which he does not need and which causes dizziness (Doc. No. 8, p. 8.) On one occasion, he passed out and hit his head on the bathroom floor in his Unit. He claims Defendants are prescribing a larger dose of the medication than necessary and refuse to remedy the problem. (Id.)

### III. Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

Defendants first state that Plaintiff's Complaint should be dismissed for failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. According to the declaration of Robert A. Clark, Jr., Senior Attorney Advisor at the Federal Bureau of Prisons Consolidated Legal Center in Oklahoma City, Oklahoma, administrative records

indicate that Plaintiff did not exhaust his administrative remedies with respect to the claims asserted against Defendants Cuccio and Rivers-Graham. (Doc. No. 17-1, p. 4.) Mr. Clark describes the three-step federal administrative remedy process, which is instituted by the filing of an informal resolution with staff, and then a formal resolution to the Warden through a BP-9 form at the Unit level. (Id. at p. 3.) Two appeals from that level are provided, to the Regional Director through a BP-10 form, and then to the General Counsel for the Bureau of Prisons, via a BP-11 form (Id.) According to the BOP records, Plaintiff filed 239 administrative remedy requests since 2005, and seventeen administrative remedy requests or appeals since his incarceration at FCI-Forrest City. (Id. at p. 4.) None of those seventeen requests or appeals, however, are related to his mental health care or mental health medications. (Id.) In support of his declaration, Clark provides a list of the grievances filed by Plaintiff (Id. at pp. 12-27).

In his Response, Plaintiff states he was never provided administrative remedies from his counselor in order to exhaust, and claims that two non-party FCI employees "obstructed the remedy process." (Doc. No. 21, p. 1.) This contradicts a statement made in his Amended Complaint that Defendants failed to process the grievance he filed, and that "a pro se plaintiff does not have to plead exhaustion." (Doc. No. 8, pp. 3-4.)

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. Exhaustion of remedies

includes filing a grievance and appealing such grievance through all appropriate levels. In this case, as mentioned above, the final level is the General Counsel for the Central Office of the Bureau of Prisons, pursuant to a BP–11 form. In Booth v. Churner, 532 U.S. 731, 741 (2001), the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." In addition, in Chelette v. Harris, 229 F.2d 684 (8th Cir. 2000), the Eighth Circuit Court of Appeals held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d at 688. In Chelette, the plaintiff inmate did not completely exhaust his administrative remedies because the warden told him he would take care of the matter. The Court held that "Section 1997(e)(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him." Id. Therefore, the Court concluded that the statute clearly requires exhaustion. In Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003), the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." (Emphasis in original.) Finally, in Jones v. Bock, 549 U.S. 199, 218 (2007), the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."

It is clear from the records and affidavit presented by the Defendants that prior to filing his complaint, Plaintiff did not exhaust his administrative remedies with respect to the allegations

5

asserted against Defendants Cuccio and Rivers-Graham. It is also clear that Plaintiff was familiar with the procedures required for filing a grievance, since he filed over two hundred administrative remedy requests since 2005. Although Plaintiff claims that two non-parties obstructed the remedy process, he does not provide any facts or specific allegations regarding his efforts to file a grievance or to explain how those individuals acted to prevent such a filing. He does not state that he attempted to file a grievance about his allegations against Defendants on a certain date or under specific circumstances, and he provides no evidence such as original copies of such grievances in support of his Complaint, Amended Complaint, or Response to Defendants' Motion. Although "a remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a)," Plaintiff provides no proof or even specific allegations to overcome the evidence presented by the Defendants. Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001).[2] In Gibson v. Weber, 431 F.3d 339, 341 (8th Cir. 2005), the Court dismissed for failure to exhaust, despite plaintiffs' assertions that they were prevented from filing grievances. "Appellants have presented no evidence that any prison official thwarted an attempt to initiate the procedures or that any official made it impossible for them to file grievances." Id. See also Hahn v. Armstrong, No. 1:08CV169 LMB, 2010 WL 575748 (E.D.Mo. 2010), where the Court noted that the plaintiff did not provide evidence that a prison official thwarted an attempt to initiate grievance procedures or made it impossible to file a grievance.

Finally, a plaintiff's "vague assertion" that he filed and exhausted grievances did not provide evidence to establish proper exhaustion in Kelley v. Anderson, No. 5:11CV00130-SWW/HDY, 2012

---

[2]Unlike this case, in Miller, the Plaintiff provided evidence that prison officials failed to respond to written requests for grievance forms submitted by both himself and his mother. 247 F.3d at 738.

WL 606823 (E.D.Ark. 2012). Therefore, the Court finds that Plaintiff Banks' general statement that he was not provided remedies to exhaust is not sufficient to rebut Defendants' evidence that he has filed over 200 administrative remedies in the past, yet did not file any grievances about his mental health treatment and medication.[3]

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED, that Defendants' Motion for Summary Judgment (Doc. No. 15) be GRANTED, and this case be DISMISSED without prejudice for failure to exhaust administrative remedies.

IT IS SO RECOMMENDED this 12th day of February, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[3] Defendants also state they are protected from liability by qualified immunity. However, pursuant to Johnson v. Jones, 340 F.3d at 627, once a determination is made that the Plaintiff's claims were not exhausted, the Court is required to dismiss them without prejudice. See also Barbee v. Correctional Medical Services, No. 10-1891, 2010 WL 3292789 (8th Cir. 2010).